*Wm. Frisbie, a Taxpayer, v. Columbus (City) et al.

1. Act 99 O. L. 538, Does not Prevent Municipal Regulation of Motor Vehicles.

Act 99 O. L. 538, providing for the registration, identification, regulation and licensing of motor vehicles neither inhibits municipal councils from passing ordinances requiring a license of the same vehicles, nor from enforcing ordinances for such purpose in force at the time of the passage of such act.

2. Repeal of Unconstitutional Statute Does not per se Invalidate Ordinance Previously Enacted.

Act 98 O. L. 320, compelling owners of such vehicles to register, and forbidding local authorities from passing and enforcing ordinances to regulate and license such vehicles, being clearly unconstitutional, its repealing clause was not effective to prohibit the imposition of municipal licenses.

3. Expense of Police Regulation of Motor Vehicles a Matter of License.

Police regulations, supervision and control of the operations of motor vehicles in municipalities and the additional expense in construction and maintenance of streets required thereby justify the imposition of special licenses by way of municipal reimbursement, notwithstanding the imposition of state licenses and regulation thereof by the state.

4. "Use" Contemplated by Columbus Vehicle Ordinance is "Continuous and Repeated."

The doctrine announced in Pegg v. Columbus, 29 O. C. C. 390 (10 N. S. 199), that the "use" contemplated by the vehicle ordinance of the city of Columbus for the exaction of the annual license fee, provided for therein, must be in its nature "continuous and repeated" is hereby approved and followed.

[Syllabus approved by the court.]

Error to Franklin common pleas court.

Decision by Judge Dillon of the common pleas, rendered Monday, March 1, 1909.

The question presented in this case is whether or not the act of May 9, 1908 (99 O. L. 538), providing for the registration, identification, regulation and licensing of motor vehicles, inhibits the councils of municipalities from passing ordinances requiring regulation and license of the same vehicles or from enforcing such ordinances already in force at the time of the passage of such act.

The plaintiff in his petition complains of an ordinance passed by the council of the city of Columbus, March 20, 1905, being ordinance No. 21,927, which was passed for the purpose of licensing and regulating

*Reversed by Supreme Court, Frisbie v. Columbus, 80 Ohio St. 686.

the use of the streets by persons who use vehicles of all kinds thereon. This ordinance requires, among other things, a license fee for each automobile of from $5 to $7.50, depending upon size.

The plaintiff is a taxpayer, and has made demand upon the city solicitor in accordance with the statute, and brings this action to enjoin the city officials from enforcing the said ordinance; and presents three reasons why the ordinance is invalid.

The first reason is, that the previous legislature, on June 1, 1906, had passed a somewhat similar state law regulating and licensing motor vehicles (98 O. L. 320), by Sec. 19 of which local authorities were forbidden to pass and enforce or maintain any ordinance, rule or regulation requiring the owner or operator of any motor vehicle to take out any license, or interfering with his free use of the highways, etc.

Whether this Sec. 19 of the act merely suspended the enforcement of any such ordinance, or actually repealed any such ordinance, need not here be considered, for the reason that this act of the legislature has already been declared unconstitutional; and for that reason, therefore, did not repeal or affect the ordinance in question. *Feasal* v. *State*, 18 Dec. 478 (6 N. S. 321).

This case was afterwards affirmed by the circuit court (not reported), and the reasoning of the associate branch of this court is so clear that further comment upon that statute is unnecessary.

The second reason advanced is that this ordinance is in reality a tax, and its only purpose is to raise revenue. This claim has so often been made in this court, and has received consideration at the hands of this court so many times, that comment upon this claim will be very brief:

The leading case in Ohio upon this subject is found in the case of *Marmet* v. *State*, 45 Ohio St. 63 [12 N. E. Rep. 463], where the court, with the same questions before it, confirmed the power of the municipality within reasonable bounds to regulate occupations by license and to compel the payment of a reasonable fee therefor, where such occupation consists of a special benefit conferred by the public upon those who follow or practice it, or where such occupation imposes a special burden upon the public, or where it is injurious or dangerous to the public, and requires regulation.

That case involved only the ordinary driving of horses and vehicles on the street, and had no reference to motor vehicles. Concerning, therefore, the somewhat innocuous occupation of driving a horse and buggy on the street, the court observes that thousands of property owners use no vehicle of any kind; that those who do use vehicles are favored ones,

Frisbie v. Columbus.

and the court asks this question: "Why should not these favored ones pay a small sum toward making good that which they wear out?"

The court in that case also recognized that heavier wagons and heavier loads caused a greater burden upon the streets, and therefore should pay a larger fee, and that all these burdens upon the public should be determined in considering whether or not an ordinance was really imposing a tax for general purposes.

The court further held in that case that the fact that incidentally more money might be received than was absolutely necessary to pay the expense of repairs of the streets and regulation of the traffic would not be sufficient to invalidate the act.

This second argument advanced by the plaintiff is further weakened by consideration of the nature of the vehicle in question. In addition to those things which may be charged against ordinary light vehicles, whose chief burden upon the public consists in wearing out the streets, we have in this case the additional burden of regulation of automobiles for a much higher purpose, of preventing injury to person as well as property. In addition, therefore, to the wear and tear upon the streets, whatever that may be, it is quite manifest that the entire police force of our municipalities are scarcely able today to cope with the violations of law committed by operators of automobiles. It is common knowledge that hundreds of these violations take place in the city of Columbus every day and injuries to person and property are of common occurrence. If all the revenue, therefore, derived from this license were devoted to the employment of special policemen alone, there would still be a deficit for ordinary wear and tear upon the streets, etc., whether that be great or small.

The third reason advanced by the plaintiff is that the ordinance applies equally to nonresidents of the state as well as to persons residing therein, and provides for no exemption of any kind.

If this ordinance does apply to nonresidents of the state, the argument as to its unconstitutionality could be no stronger, perhaps, than if it had expressly exempted nonresidents of the state; but this court is of opinion that the question presented in this third argument is one of construction of the ordinance and not as to its constitutionality. If it be unconstitutional to tax a nonresident of the municipality, as it is claimed the ordinance in question attempts to do, then the ordinance would be void simply as to such nonresidents, and the court, construing an ordinance constitutional if it can be so done, would hold that it applies to the regular and habitual users of the streets.

This is the view which this court takes of this ordinance, and

will be found discussed fully in the case of *Pegg* v. *Columbus,* 17 Dec. 333 (5 N. S. 436). The holding of this branch of the court that such an ordinance as the one in question is constitutional has already been upheld by the circuit court, *Pegg* v. *Columbus,* 29 O. C. C. 390 (10 N. S. 199), which court, however, differed from the court below with reference to the construction of the statute.

The plaintiff is a resident of the municipality, and therefore it is unnecessary for the court to reiterate its views with reference to its application to nonresidents or transients passing through the city.

The court being therefore of opinion that a municipality is not forbidden by the statute named from enforcing or passing ordinances regulating the use of its own streets, the demurrer to the petition will be sustained; the temporary restraining order heretofore granted will be dissolved, and the petition is dismissed at the cost of the plaintiff.

C. D. Saviers, for plaintiff in error.

Marshall, Weinland & Hoover, for defendant in error.

ALLREAD, J.

This action was brought to enjoin the enforcement of so much of the vehicle license ordinance of the city of Columbus as applies to automobiles and other motor vehicles. The plaintiff alleges that he is a taxpayer and citizen of Columbus, Ohio, and has made request of the city solicitor to bring the suit, and that the city solicitor has refused. The plaintiff shows no interest or right of his own liable to be affected. He does not show that he is an owner of an automobile or otherwise affected by the ordinance. Serious doubt arises whether the plaintiff has such interest as to justify his bringing the suit. *Cincinnati* v. *Dexter,* 55 Ohio St. 93, 113 [44 N. E. Rep. 520].

In view, however, of its importance, we have concluded to decide the main question as to the validity of the automobile license clause of the ordinance referred to.

The contention that the municipal license law as to automobiles and other motor vehicles was repealed by the act of 1906 (98 O. L. 320) cannot be sustained. That act was clearly unconstitutional, was not even attempted to be enforced and the repealing clause is not intended to be effective when the act itself is void.

It is claimed, however, that the act of 1908 (99 O. L. 538) repeals by implication the act authorizing municipal licenses as to automobiles.

Repeals by implication are not favored, and it is only when the two acts are wholly repugnant and not capable of reconciliation that a repeal by implication is upheld.

Sutherland, Stat. Constr. Sec. 52.

Frisbie v. Columbus.

The general scheme of state licenses prescribed by the act of 1908 is not wholly repugnant to municipal licenses. Upon many subjects upon which the state has prescribed general regulations, authority is also given for municipal legislation. And upon some subjects, the state prescribes a license and also permits an additional license by municipalities.

Many reasons can be urged for coexisting licenses by the state and municipalities. The streets of municipalities are under the special care, supervision and control of the city and are the subject of large expense in construction and supervision, as well in police regulation. This would justify a special license for the municipality to reimburse it for special cost due to automobile use of the streets. Three references are made in the act of 1908 to local regulations which may be considered on the subject of repeal by implication. In Sec. 6 it is provided that "Any person to whom an annual 1908 license has been issued by any municipality prior to the time when this act shall take effect shall be exempt" from state license until January 1, 1909.

This provision reflects in some degree a legislative intent to substitute the state for the municipal license, but is not so conclusive as to justify a repeal by implication. The postponement of the state license may be explained upon other grounds.

In Sec. 23 local authorities are prohibited from regulating speed of motors except when special authority is granted over specific highways for speed tests or races. This section deals expressly with local regulations, and having expressed the subjects upon which the local authorities are denied the power of legislation, there is an inference that the legislature did not intend to deny any other power conferred by the then existing statutes. This inference in favor of existing municipal regulations not expressly repealed more than overcomes the contrary inference arising from the proviso in Sec. 6. The reference to local authorities in Sec. 15 does not aid in the construction of the act as to the repeal.

It is urged that the assessment of municipal licenses in every municipal corporation through which an automobile may be run would practically destroy the effect and purpose of the license granted by the state. This contention would be very serious if the municipal ordinance is to be so construed as to require payment of a license from every municipality into which an automobile may be run in traversing the highways of the state. This court has, however, in the case of *Pegg* v. *Columbus,* 29 O. C. C. 390 (10 N. S. 199), construed the ordinance

Franklin County.

in question to apply only to a use of the streets which is in some measure at least "continued or repeated." This construction of the Columbus ordinance is in harmony with a reasonable and fair use of the state license and at the same time sustains the Columbus ordinance as being a reasonable and fair charge for continued and repeated use of the streets by an owner or operator of an automobile. *Marmet* v. *State,* 45 Ohio St. 63 [12 N. E. Rep. 463].

The court is, therefore, of the opinion that the judgment of the common pleas court, dismissing the petition, should be affirmed.

**Sullivan** and **Dustin, JJ.,** concur.